UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIZETH DURAN,<br><br>Plaintiff,<br>v.<br><br>ALLSTATE NORTH AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:26-cv-04058-LK<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on the parties' Stipulated Motion to Remand Matter to State Court. Dkt. No. 9. The parties support their motion by stating that Plaintiff Lizeth Duran's counsel confirmed that "the Plaintiff's claim does not, and will not throughout this matter, exceed $75,000" and request that this action be remanded to King County Superior Court. *Id.* at 1.

Courts have a "virtually unflagging obligation to exercise the jurisdiction conferred upon [them] by the coordinate branches of government and duly invoked by litigants," including removal jurisdiction. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (quoting *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) (citation modified)).

Accordingly, "subject-matter jurisdiction is a beast that parties . . . just can't kill" by stipulation. *Lawrence v. Fairfield Processing Corp.*, No. 4:22-CV-00985-SRC, 2022 WL 10423622, at *2 (E.D. Mo. Oct. 18, 2022). A court cannot grant parties' motion to remand "by thoughtlessly rubber-stamping their proposed order," particularly if the "the removing parties maintain that the Court had subject matter jurisdiction at the time of removal." *Smith v. Gemcap Trucking, Inc.*, No. 4:21-CV-242, 2022 WL 1184369, at *1 (S.D. Ga. Apr. 21, 2022).

Here, Defendant Allstate North American Insurance Company's notice of removal avers that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 at 2. Allstate alleged that the amount in controversy requirement was met based on the last demand given by Duran: $100,000. Dkt. No. 1 at 2. While the parties now stipulate that the amount in controversy does not and will not exceed $75,000, Dkt. No. 9 at 1, "diversity jurisdiction is determined at the time the action commences," *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999) and "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction," *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). Thus, a federal court is not deprived of jurisdiction where "the plaintiff after removal, by stipulation, . . . reduces the claim below the requisite amount." *Id.* at 292.

That said, Allstate has still failed to meet its burden to establish that this Court has jurisdiction over this case. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Even though it adequately established the amount in controversy in its notice of removal, Dkt. No. 1 at 2, it has not established complete diversity between the parties. Specifically, Allstate alleges in its notice of removal that it is "domiciled in a state other than Washington" and asserts that Duran is a "resident" of Washington. *Id.* Properly alleging an insurance company's citizenship involves determining whether it should be treated as an incorporated or unincorporated entity based on how

the relevant state law treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550–51 (7th Cir. 1988) (observing that Texas mutual insurance company was an unincorporated association under Texas law, while Minnesota law treated mutual insurance company as a corporation); *Yin v. Com. W. Ins. Co.*, No. 2:25-CV-01159-LK, 2025 WL 3208493, at *3 (W.D. Wash. Oct. 3, 2025). An insurance company that is a corporation for diversity purposes is a citizen of not only the state in which it is incorporated, but also the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An insurance company that is unincorporated for purposes of diversity jurisdiction has the citizenship of each of its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). Allstate makes no effort to properly allege its citizenship.[1] Furthermore, as to Duran's citizenship, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory [.]" *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).

Because Allstate has failed to establish the citizenship of either party in this case, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County, Washington;

---

[1] Allstate's subsequently filed corporate disclosure statement, Dkt. No. 2, is of no help, as it does not comply with Federal Rule of Civil Procedure 7.1(a)(2)'s requirement to "name—and identify the citizenship of—every . . . entity whose citizenship is attributed to that party[.]"

3. The Clerk of the Court shall also transmit the relevant record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 10th day of November, 2026.

Lauren King
United States District Judge